## Plains Township *v.* Wilkes-Barre Area School District.

Argued October 3, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Joseph C. Giebus,* for appellant.

*Patrick J. Toole, Jr.,* for appellee.

OPINION BY JUDGE ROGERS, December 11, 1972:

Plains Township, Luzerne County, filed its petition for a declaratory judgment that it should receive all of the wage, real estate transfer and flat rate occupation taxes collected from the subjects of such taxes within its boundaries during the year 1971, and that Wilkes-Barre Area School District should be entitled to none of said revenues. The court below gave judgment for the respondent school district and the township has appealed.

Wilkes-Barre Area School District is a reorganized district established as of June 1, 1971, pursuant to Subdivision I(eye) of Article II of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, added by Act of August 8, 1963, P. L. 564, §3, 24 P.S. §2-290 et seq. Included among the former districts constituting the reorganized district was the Plains Township School District.

Plains Township had for a number of years prior to 1971 imposed the wage, real estate transfer and flat rate occupation taxes here in question, all by authority of The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, 53 P.S. §6901 et seq. By the same authority, Plains Township School District had imposed the same taxes, at least from and after January 1, 1969. Therefore, Plains Township and Plains School District from January 1, 1969 (and perhaps from an earlier date) and until July 1, 1971[1] each received one half of the total of these taxes levied by each as provided by Section 8 of The Local Tax Enabling Act, 53 P.S. §6908.

The township's brief makes one argument, to wit, that Section 8 of The Local Tax Enabling Act, 53 P.S. §6908, requires that a school district desiring to levy

---

[1] From and after this date the tax collector by direction of the township supervisors collected the school district's share but held the same in escrow pending the outcome of this litigation.

taxes upon subjects already taxed by a township give notice to the township of its intention to do so 45 days prior to the first of January or the last day fixed by law for the adoption of the latter's budget, and failing such notice the school district's levy must be postponed until the end of the township's ensuing tax year; and that Plains Township School District gave no such notice of intention to Plains Township for the year 1971. This argument is sound only if Plains Township School District was required under the Act to give notice. It was not. Immediately preceding the notice requirement contained in Section 8, is the following qualifying language: "When any one of the above taxes has been levied under the provisions of this act by one political subdivision and a subsequent levy is made either *for the first time* or is revived after a lapse of time by another political subdivision on the same person, subject, business, transaction or privilege at a rate that would make the combined levies exceed the limit allowed by this subdivision, the tax of the second political subdivision shall not become effective until the end of the fiscal year for which the prior tax was levied. . . ." (Emphasis supplied) As noted, Plains Township School District had enacted these taxes as early as June 1968, effective January 1, 1969. It did not enact them for the first time[2] for the period commencing January 1, 1971. Section 4 of The Local Tax Enabling Act, 53 P.S. §6904, provides for continuance of the taxes levied thereunder without annual reenactment. There was, therefore, no requirement of notice from either of the subdivisions to the other and the taxes of each continued without the necessity of any action by either.

A copy of a resolution of the Township Board of Supervisors, adopted June 30, 1971, attached to the pe-

---

[2] It is also clear that there was no lapse in the school district's collection of these taxes after first enactment.

tition and directing the tax collector from and after July 1, 1971 to hold in escrow the school district's share of the taxes, recites in partial justification thereof that Plains Township School District's existence ceased upon the establishment of the Wilkes-Barre Area School District. The township seems to have abandoned this reason for withholding the reorganized district's share of these taxes prior to filing its petition for declaratory judgment and we need not consider this subject. In the interest of completeness, however, we direct attention to Section 298(a) of Subdivision I(eye) of Article II of the Public School Code, 24 P.S. §2-298(a), which makes explicit what would be implicit considering the nature of the reorganization act, to wit, that taxes levied by constituent districts continue in force and accrue to the reorganized district.

Affirmed.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. From the period of December 30, 1970 to June 1, 1971, the Plains Township School District was in existence and did equally share with the Plains Township Board of Commissioners certain collected taxes (earned income, real estate transfer and right to work) which had been legally imposed on the residents of Plains Township. Thereafter, Plains Township School District merged with six other school districts into a new school district known as the Wilkes-Barre Area School District. This new school district did nothing to enact or reenact the taxes which the former, but now nonexistent, Plains Township School District had enacted.

The lower court concluded that Wilkes-Barre Area School District is the legal successor to Plains Township School District and hence nothing need be done by the new school district relative to its right to the taxes

enacted by one of its seven predecessor school districts. I do not so conclude. I hold to the belief that the new school district would have had to legally enact the taxes that were previously in effect prior to Plains Township School District's going out of existence. The taxes imposed by the former school district did not survive and linger on but they also terminated.

The majority directs attention to Section 298(a) of subdivision (I) of article II of the Public School Code, Act of March 10, 1949, P. L. 30, added 1963, August 8, P. L. 564, §3, as amended by the Act of June 2, 1965, P. L. 86, §1, 24 P.S. §2-298(a),[1] for the proposition that taxes levied by constituent school districts continue in force and accrue to the newly organized school district. I do not so read the provisions of this section. My understanding of that section is that all uncollected debts and taxes owing to the component former school district shall be vested in the newly established school district. For any period after July 1, 1971 there could have been no taxes owing by the residents of Plains Township to Plains Township School District, since

[1] "§2-298. Property and indebtedness and rental obligations of former school districts

"(a) Except as otherwise provided in this section, all real and personal property, indebtedness and rental obligations to an approved school building authority or nonprofit corporation, if any, of former school districts composing any school district constituted and deemed established pursuant to this subdivision (i) shall become the property, indebtedness and rental obligations of such newly established school district. All rights of creditors against any of the component former school districts shall be preserved against the newly established school district. All property theretofore vested in the component former school districts shall become vested in the newly established school district, and all debts and taxes owing to the component former school districts, uncollected in the several component former school districts, and all moneys in the treasuries of the component former school districts, shall be paid to the treasurer of the newly established school district."

that school district no longer existed. The residents of Plains Township would, after July 1, 1971, be legally obligated to pay taxes to the newly established school district, but it had done nothing to enact or impose any earned income, real estate transfer or right to work taxes upon the residents of Plains Township.

I can see the practicality of the result reached here, but I hold to the view that taxes must be imposed in accordance with the provisions of the law authorizing their imposition. The Wilkes-Barre Area School District not only did nothing to impose any taxes on the residents of Plains Township but did not even give notice to the Board of Commissioners of Plains Township that it intended, as the successor of the Plains Township School District, to claim one-half of the taxes being collected. If the majority view is correct and if, as was indicated at oral argument, all of the component former school districts were not imposing some or all of the taxes formerly being collected by the Plains Township School District, then the newly established school district would, for example, be receiving taxes computed on earned income from some of the residents of the new district while, at the same time, other residents would not be paying any tax based on earned income. This result is certainly not supportable and, on its face, is violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution and of the uniformity provisions of the Pennsylvania Constitution.

It is the Legislature that must provide that uniform taxes levied by component former school districts shall continue in force and accrue to the newly established school district. In my view, the Legislature has not so provided here.